IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAY CHARLES NELSON )
 )
 v. ) NO. 3:10-0278
 )
WAYNE SHELTON, et al. )

TO: Honorable Aleta A. Trauger, District Judge

## **REPORT AND RECOMMENDATION**

By Order entered March 25, 2010 (Docket Entry No. 6), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending in this action is the motion to dismiss (Docket Entry No. 34) filed by Defendant Art Bieber, to which the Plaintiff has filed a response in opposition (Docket Entry No. 44) to the motion.[1] For the reasons set out below, the Court recommends that the motion be granted.

### I. BACKGROUND

The Plaintiff filed this action pro se on March 22, 2010, naming as defendants: Wayne Shelton, a General Sessions Judge for Montgomery County, Tennessee; Timothy Edwards, a police

---

[1] The Plaintiff's filing is styled as "Motion to Appeal General Bieber['s] Motion for Dismissal." The Court construes the filing as the Plaintiff's response in opposition to the motion to dismiss and not as an appeal since the Plaintiff is clearly not appealing any actual order but is attempting to rebut the arguments made by Defendant Bieber for dismissal.

officer for Clarksville, Tennessee; Kathryn Powers, a state magistrate; and Art Bieber, an Assistant District Attorney for the Nineteenth Judicial District.

The Plaintiff alleges that he was arrested on March 3, 2009, by Defendant Edwards on the charge of aggravated assault after Edwards witnessed him reaching through the door of his girlfriend's dwelling. The Plaintiff contends that there was no factual basis for this charge and that he was arrested because he is a black man and his girlfriend is a white woman. The Plaintiff alleges that he was then taken before Defendant Powers who refused to release him despite his protests that there was no evidence to support the charge.

The Plaintiff alleges that, despite arguments from his defense counsel that the Plaintiff should be released on his own recognizance, Defendant Shelton continued his detention, held a constitutionally deficient preliminary hearing, and bound the Plaintiff over to the grand jury. The Plaintiff alleges that there was no evidence presented to the grand jury to support the charge and that Defendant Bieber took over the handling of the case from another assistant district attorney, who was black and whom the Plaintiff alleges had moved to dismiss the case, and proceeded to amend the indictment to add a charge of aggravated burglary when it became apparent that the original charge could not be supported.[2] The Plaintiff asserts that the charges against him were eventually dismissed on September 25, 2009. He contends that he was detained for 206 days due to the malicious and vindictive acts of the four defendants and in violation of his civil rights, a wrong for which he seeks total damages in the amount of 1.6 million dollars for claims brought under 42 U.S.C. § 1983.

---

[2] Attachments to the Plaintiff's complaint show that the Montgomery County, Tennessee Grand Jury returned a three count indictment against the Plaintiff for the charges of aggravated assault, aggravated burglary, and possession of drug paraphernalia. See Docket Entry No. 4-1, at 5.

2

By the Order of referral, process was issued to the four named defendants in the action. Defendants Powers, Shelton, and Edwards have filed answers to the Complaint. See Docket Entry Nos. 33, 38, and 42.

In lieu of an answer, Defendant Bieber has filed the pending motion to dismiss seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Bieber argues that the complaint fails to state any actionable claims against him, that the doctrine of prosecutorial immunity bars all money damages against him individually, and that the Eleventh Amendment bars any money damages against the State of Tennessee to the extent that claims are brought against him in his official capacity.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a
3

motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

The Plaintiff's Section 1983 damage claims against Defendant Bieber are based solely and entirely upon acts taken by Defendant Bieber in his role as a prosecuting attorney. However, it is well-settled that prosecuting attorneys are entitled to absolute immunity from liability for actions taken within the scope of their prosecutorial duties. Imbler v. Pachtman, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). A prosecutor's decision to initiate charges and pursue them through the criminal process is entitled to absolute immunity. Imbler, 424 U.S. at 431; Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); Cady v. Arenac County, 574 F.3d 334, 342 (6th Cir. 2009); Ireland v. Tunis, 113 F.3d 1435, 1446-47 (6th Cir. 1997). Actions taken for proceedings before a grand jury fall within the protection of absolute prosecutorial immunity. See Spurlock v. Thompson, 330 F.3d 791, 797 (6th Cir. 2003). Prosecutorial immunity protects prosecutors from liability even if their acts were in error, were wrongful, or were done maliciously. Imbler, 424 U.S. at 413, 430; Cady; supra; Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989). The Plaintiff has not alleged any actions on the part of Defendant Bieber which were taken in a non-prosecutorial role and which would not be entitled to the protection of immunity. Accordingly, Defendant Bieber is entitled to absolute prosecutorial immunity from the claims brought against him in his individual capacity.

4

To the extent that the Plaintiff sues Defendant Bieber in his official capacity, such a claim also warrants dismissal. In an official capacity action, the plaintiff seeks damages not from the individually named defendant, but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993), and "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Accordingly, the Plaintiff's official capacity claim against Defendant Bieber is essentially a claim against the State of Tennessee. However, the Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims. Graham, 473 U.S. at 169; Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998). Additionally, neither a State nor an official acting in his official capacity is a "person" for the purposes of a suit brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992).

The response in opposition (Docket Entry No. 44) from the Plaintiff contains no arguments which rebut the legal authority set out above that supports dismissal of the claims brought against Defendant Bieber. Although the Plaintiff asserts that court transcripts will show that witness testimony showed that no evidence existed to support a finding of probable cause and requests that he be given an extension of time to August 10, 2010, to respond to the motion to dismiss, even if his argument was supported by court transcripts, the doctrine of prosecutorial immunity would still shield Defendant Bieber from the Plaintiff's section 1983 claims.

5

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 34) filed by Defendant Art Bieber be GRANTED, that the claims against Defendant Bieber be DISMISSED from this action with prejudice, and that Defendant Bieber be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

            Respectfully submitted,

            JULIET GRIFFIN
            United States Magistrate Judge