IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAY CHARLES NELSON )
 )
 v. ) NO. 3:10-0278
 )
WAYNE SHELTON, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 25, 2010 (Docket Entry No. 6), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending in this action is a motion to dismiss (Docket Entry No. 58) filed by Defendants Wayne Shelton and Kathryn Powers, to which the Plaintiff has not filed a direct response in opposition.[1] For the reasons set out below, the Court recommends that the motion be granted and Defendants Shelton and Powers be dismissed from the action.

---

[1] By Order entered September 15, 2010 (Docket Entry No. 60), the Court notified the Plaintiff of the motion and gave the Plaintiff a deadline of October 4, 2010, to respond. By Order entered October 8, 2010 (Docket Entry No. 64), the Court extended this deadline to October 25, 2010. On November 10, 2010, the Plaintiff filed a "Notice of Filing," which consisted of a copy of a criminal court judgment and a copy of a data CD request he submitted to the state court. See Docket Entry Nos. 71-1 and 71-2. However, the Plaintiff's Notice of Filing does not contain any actual legal arguments directed at the pending motion to dismiss.

**I. BACKGROUND**

The Plaintiff filed this action pro se on March 22, 2010, naming as defendants: Wayne Shelton, a General Sessions Judge for Montgomery County, Tennessee; Timothy Edwards, a police officer for Clarksville, Tennessee; Kathryn Powers, a state judicial commissioner; and Art Bieber, an Assistant District Attorney for the Nineteenth Judicial District.

The Plaintiff alleges that Defendant Edwards arrested him on March 3, 2009, on the charge of aggravated assault after Edwards witnessed him reaching through the door of his girlfriend's dwelling. The Plaintiff contends that there was no factual basis for this charge and that he was arrested because he is a black man and his girlfriend is a white woman. The Plaintiff alleges that he was then taken before Defendant Powers who refused to release him despite his protests that there was no evidence to support the charge.

The Plaintiff alleges that he then appeared before Defendant Shelton who, despite arguments from defense counsel that the Plaintiff should be released on his own recognizance, continued his detention, held a constitutionally deficient preliminary hearing, and bound the Plaintiff over to the grand jury. The Plaintiff alleges that there was no evidence presented to the grand jury to support the charge and that Defendant Bieber took over the handling of the case from another assistant district attorney, who was black and whom the Plaintiff alleges had moved to dismiss the case, and proceeded to amend the indictment to add a charge of aggravated burglary when it became apparent that the original charge could not be supported.[2] The Plaintiff asserts that the charges against him were eventually dismissed on September 25, 2009. He contends that he was detained for 206 days due to

---

[2] Attachments to the Plaintiff's complaint show that the Montgomery County, Tennessee Grand Jury returned a three count indictment against the Plaintiff for the charges of aggravated assault, aggravated burglary, and possession of drug paraphernalia. See Docket Entry No. 4-1, at 5.

the malicious and vindictive acts of the four defendants and in violation of his civil rights, a wrong for which he seeks total damages in the amount of 1.6 million dollars for claims brought under 42 U.S.C. § 1983.

By the Order of referral, process was issued to the four named defendants in the action. Defendants Powers, Shelton, and Edwards filed answers to the Complaint. See Docket Entry Nos. 33, 38, and 42. In lieu of an answer, Defendant Bieber has filed a motion to dismiss. By Order entered August 11, 2010 (Docket Entry No. 51), the Court granted the motion to dismiss and dismissed Defendant Bieber from this action with prejudice.

By their motion to dismiss, Defendants Shelton and Powers argue that the Plaintiff's claims against them are based upon judicial actions each of them performed in their respective judicial capacities as a Montgomery County General Sessions Court Judge and a Montgomery County Judicial Commissioner for which they are entitled to absolute judicial immunity from the Plaintiff claims.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

The Plaintiff's claims against Defendants Shelton and Powers should be dismissed with prejudice based upon absolute judicial immunity. The Plaintiff's claims against the two defendants are based solely and entirely upon acts taken by them in their respective roles as judicial officers for the State of Tennessee. Judicial officers generally are immune from civil suits for monetary damages brought against them based upon their judicial actions. Mireles v. Waco, 502 U.S. 9, 9-10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The rationale for granting judicial officers absolute immunity when they act in their judicial capacities is that judicial officers should be free to make decisions and act upon their convictions without fear of personal liability. Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); Cooper v. Parrish, 203 F.3d 937, 944 (6th Cir. 2000). As the United States Supreme Court has explained:

> If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from

independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

Forrester v. White, 484 U.S. 219, 226-27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (internal citations omitted).

The protection provided by absolute judicial immunity is an immunity from suit, not merely the assessment of damages, and is not overcome by a plaintiff's allegations of bad faith or malice on the part of the judicial officer. Mireles, 502 U.S. at 11; Forrester, 484 U.S. at 227; Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004). The United States Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985), citing Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646 (1872).

Defendants Shelton and Powers have shown that the challenged actions were clearly actions which were judicial in nature and for which they had jurisdiction to act.[3] The Plaintiff has not set forth any arguments which rebut the legal authority that supports dismissal of the claims brought against Defendants Shelton and Powers based upon absolute judicial immunity.

To the extent that the Plaintiff sues Defendants Shelton and Powers in their official capacities, such claims also warrant dismissal. In an official capacity action, the plaintiff seeks damages not

---

[3] Courts have routinely found that judicial commissioners are judicial officers performing judicial functions. See Jones v. Harris, 22 Fed. Appx. 520, 2001 WL 1450728 (6th Cir. Nov. 6, 2001); Hollis v. Wilson County, 2009 WL 1651456 (M.D. Tenn. June 10, 2009) (Echols, J.); Mason v. Stacey, 2009 WL 803107 (E.D. Tenn. Mar. 25, 2009).

5

from the individually named defendant, but from the entity for which the defendant is an agent, Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993), and "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Accordingly, the Plaintiff's claims against Defendants Shelton and Powers in their official capacities as judicial officers are essentially claims against the State of Tennessee. See Johns v. Bonnyman, 109 Fed.Appx. 19, 2004 WL 1791396 (6th Cir. Aug. 6, 2004). However, the Eleventh Amendment bars a plaintiff from suing a state, a state agency, or any of its employees in their official capacities for monetary damages on civil rights claims. Graham, 473 U.S. at 169; Turker v. Ohio Dept. of Rehabilitation and Corrections, 157 F.3d 453, 456 (6th Cir. 1998). Additionally, neither a State nor an official acting in his official capacity is a "person" for the purposes of a suit brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989); Hardin v. Straub, 954 F.2d 1193, 1198 (6th Cir. 1992).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 58) filed by Defendants Wayne Shelton and Kathryn Powers be GRANTED and that Defendants Wayne Shelton and Kathryn Powers be DISMISSED from the action WITH PREJUDICE.[4]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

---

[4] The claims against Defendant Edwards remain pending in the action. Pursuant to a Scheduling Order entered August 12, 2010 (Docket Entry No. 54), an evidentiary hearing is set in the action for February 9, 2011.

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge