IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RAY CHARLES NELSON )
)
v. ) NO. 3:10-0278
)
WAYNE SHELTON, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 25, 2010 (Docket Entry No. 6), this civil action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pursuant to the Order entered August 12, 2010 (Docket Entry No. 54), an evidentiary hearing was held on February 9, 2011. Set out below are the Court's findings of fact and recommendation for disposition of the action.

## I. BACKGROUND

The Plaintiff is a resident of Clarksville, Tennessee. On March 22, 2010, he filed this action pro se asserting civil rights claims under 42 U.S.C. § 1983, seeking total damages of

1.6 million dollars, and demanding a jury trial. The Plaintiff named four defendants in their individual and official capacities: Wayne Shelton, a General Sessions Judge for Montgomery County, Tennessee; Timothy Edwards, a police officer for Clarksville, Tennessee; Kathryn Powers, a state judicial commissioner; and Art Bieber, an Assistant District Attorney for the Nineteenth Judicial District.

By Orders entered August 11, 2010 (Docket Entry No. 51), and January 13, 2011 (Docket Entry No. 77), Defendants Bieber, Shelton, and Powers were dismissed from the action with prejudice on the basis of judicial and/or prosecutorial immunity. Defendant Edwards has answered the complaint, see Docket Entry No. 38, and a scheduling order (Docket Entry No. 54) was entered allowing for a period of pre-trial discovery, including a December 6, 2010, deadline for filing dispositive motions. Defendant Edwards did not file a dispositive motion.[1]

In his complaint, the Plaintiff alleges that Defendant Edwards arrested him on March 3, 2009, on the charge of aggravated assault after Edwards witnessed him reaching through the door of his girlfriend's dwelling. He asserts that, after his arrest, he was taken before Commissioner Powers who refused to release him despite his protests that there was no evidence to support the charge and who set bond in the amount of $6922.00. The

---

[1] Subsequent to the evidentiary hearing, the Defendant filed a motion (Docket Entry No. 86) for relief from the scheduling order to file an amended answer and file a dispositive motion raising a legal argument for dismissal that the Defendant has not previously raised. By contemporaneously entered Order, the Court has addressed this motion.

Plaintiff subsequently appeared before Judge Shelton whom he alleges refused to release him, held a preliminary hearing, and bound him over to the grand jury. The Plaintiff alleges that there was no evidence presented to the grand jury to support the charge but that an indictment was issued against him for three charges.[2] The Plaintiff asserts that the charges against him were eventually dismissed on September 25, 2009, and that there was no factual basis for his arrest. He alleges that he was arrested because he is a black man and his girlfriend is a white woman.

## II. FACTUAL FINDINGS

At the evidentiary hearing, the plaintiff proceeded pro se. He testified, as did Connie Slaughter and Defendant Edwards.

On March 3, 2009, the Plaintiff was released from jail where he had been held on a domestic assault charge for an incident involving his girlfriend, Connie Slaughter. At the time of his release, there was a restraining order in effect enjoining him from contacting Ms. Slaughter or being at 515 9th Street, the address where Ms. Slaughter resided. See Defendant's Exhibit 1.

---

[2] Attachments to the Plaintiff's complaint show that the Montgomery County, Tennessee Grand Jury returned a three count indictment against the Plaintiff for the charges of aggravated assault, aggravated burglary, and possession of drug paraphernalia. See Docket Entry No. 4-1, at 5.

During the late evening hours that day, Defendant Edwards, a uniformed officer, responded to a call for assistance at a location near Ms. Slaughter's residence. While in his car, he observed the Plaintiff on the porch of 515 N. 9th Street standing outside the door to the house. The door was only partially opened and the Plaintiff was reaching his hand through the door. Although Ms. Slaughter testified that the Plaintiff did not reach through the door, the Plaintiff admitted that he had his arm out and was reaching through the door. Both the Plaintiff and Ms. Slaughter testified that the Plaintiff was at the door attempting to retrieve a cell phone charger that was in the house but that Ms. Slaughter would not let the Plaintiff into the house and only had the door partially opened while speaking to him. The Plaintiff testified that he and Ms. Slaughter were arguing.

Defendant Edwards then drove his car to the 515 N. 9th Street location and proceeded to walk toward the house. By this time, the Plaintiff had left the porch and was standing in the yard. Defendant Edwards stopped the Plaintiff, asked for his identification, briefly spoke with him, and determined that he had been drinking. Both the Plaintiff and Ms. Slaughter testified that Plaintiff was not drunk but had been drinking prior to the incident. The Plaintiff testified that it was not unreasonable for Defendant Edwards to have charged him with public intoxication.

Defendant Edwards then detained the Plaintiff in the back of his car while he went to question the residents of the house. He spoke with Ms. Slaughter inside the house for approximately five minutes and obtained her personal information. Edwards testified that

4

Ms. Slaughter told him that the Plaintiff had hit her arm through the door but that Ms. Slaughter had refused to give a written statement. Both the Plaintiff and Ms. Slaughter testified that Plaintiff had not made physical contact with Ms. Slaughter through the door. However, Ms. Slaughter also testified that she had no memory of speaking to Defendant Edwards in the house or his even coming into the house. The witnesses disagreed on whether there were one or two other people in the house at the time.

Defendant Edwards returned to his car, called for additional information, and found out that there was a restraining order in effect enjoining the Plaintiff from contacting Ms. Slaughter or being at her residence. He then transported the Plaintiff to the Montgomery County Jail ("Jail"). Upon arriving at the Jail, he observed a "straight shooter" drug pipe on the floor in the backseat of his vehicle and that the Plaintiff had taken off one of his shoes in the police car. Although the Plaintiff denied that the pipe was his, he admitted at the hearing that he had taken his shoe off and that he saw the pipe on the backseat floorboard of the car. At the Jail, Edwards filled out affidavits of complaint against the Plaintiff for the charges of public intoxication, contempt of a court order, aggravated assault, and possession of drug paraphernalia. The Plaintiff was then brought before Kathryn Powers, a state judicial commissioner, who found probable cause for the offenses and set bond for the Plaintiff. See Defendant's Exhibits 2 and 3.

The Plaintiff testified that he was not charged with contempt of a court order as a result of his arrest and that this charge was not brought until the preliminary hearing. His

testimony, however, is not supported by the recording of the preliminary hearing, see attachment to Docket Entry No. 71[3], and is not supported by the incident report, arrest warrants and probable cause determinations made by Commissioner Powers, which all show that the Plaintiff was charged with contempt of the court order at the same time as the other three charges. See Defendant's Exhibits 2, 3, and 5.

A court proceeding was scheduled for March 10, 2009, but was continued, and a preliminary hearing was held before Judge Shelton on March 12, 2009. Defendant Edwards testified at the preliminary hearing. However, Ms. Slaughter was not present at the preliminary hearing. After the preliminary hearing, the Plaintiff was bound over to the grand jury. On May 4, 2009, the grand jury for Montgomery County, Tennessee returned indictments against the Plaintiff for aggravated assault, aggravated burglary, and possession of drug paraphernalia. The Plaintiff asserts that all charges against him were dismissed on September 25, 2009, and that he remained incarcerated at the Jail from the time of his arrest to the dismissal of the charges. Defendant Edwards offered no evidence to the contrary.

### III. CONCLUSIONS

The purpose of the evidentiary hearing is to inquire into the factual basis of the Plaintiff's claim. Johnson v. Bi-State Justice Ctr., 12 F.3d 133, 135-36 (8th Cir. 1993). The

---

[3] The recording of the preliminary hearing provided by the Plaintiff contains all proceedings held before Judge Shelton on March 12, 2009. The proceedings involving the Plaintiff are found at 9:56-10:14 of the proceedings.

6

Court finds that, even when the disputed facts and all inferences are construed in the Plaintiff's favor, the evidence in support of his claim is insufficient to warrant submitting the claim to a jury because no reasonable jury could find in favor of the Plaintiff on his claim.

Although the specific legal claim asserted by the Plaintiff is not clearly stated in his complaint, his allegations against Defendant Edwards raise a claim for false arrest in violation of his Fourth Amendment rights. See Complaint (Docket Entry No. 4), at 7 ¶ 3. There are no allegations in the complaint and there were no facts presented at the evidentiary hearing that Defendant Edwards had any involvement in prosecuting the charges against the Plaintiff and, thus, the Court does not construe the complaint as asserting any claims against Defendant Edwards based on a theory of malicious prosecution.

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures. An arrest constitutes a seizure for Fourth Amendment purposes. See United States v. Torres-Ramos, 536 F.3d 542, 554 (6th Cir. 2008). As such, probable cause for an arrest must exist to satisfy the Fourth Amendment. Whren v. United States, 517 U.S. 806, 818-19, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Crockett v. Cumberland Coll., 316 F.3d 571, 580 (6th Cir. 2003).

Determining probable cause turns on whether the "facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37, 99

S.Ct. 2627, 61 L.Ed.2d 343 (1979); Fox v. Desoto, 489 F.3d 227, 236 (6th Cir. 2007). Courts view this question through the lens of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Klein v. Long, 275 F.3d 544, 550 (6th Cir. 2001).

The Court notes that two facts established at the hearing do not require the Court to find either in favor or against the Plaintiff on this issue. The fact that the criminal charges were ultimately dismissed does not per se render the Plaintiff's arrest improper because the Plaintiff has not shown that the charges were dismissed based upon a finding that probable cause did not exist. See Wilson v. Morgan, 477 F.3d 326, 336 n.4 (6th Cir. 2007). See also Michigan, 443 U.S. at 36 ( "The validity of the arrest does not depend on whether the suspect actually committed a crime...."). Conversely, the fact that the Plaintiff was ultimately indicted by the grand jury subsequent to his arrest does not establish that probable cause for the arrest existed at the time of the arrest because after-the-fact grand jury involvement cannot serve to validate a prior arrest. Radvansky v. City of Olmsted Falls, 395 F.3d 291, 307 (6th Cir. 2005).

The evidence undisputedly shows that the Plaintiff was arrested on March 3, 2009, and charged with four offenses: public intoxication, contempt of a court ordered attachment ("COR"), aggravated assault, and possession of drug paraphernalia. If probable cause existed for any of these charges, the Plaintiff's arrest that night was lawful and his Fourth Amendment rights were not violated. See Miller v. Sanilac Cnty., 606 F.3d 240, 248 (6th Cir.

8

2010); Swiecicki v. Delgado, 463 F.3d 489, 498 (6th Cir. 2006); Lyons v. City of Xenia, 417 F.3d 565, 573 (6th Cir. 2005); Weaver v. Shadoan, 340 F.3d 398, 407 (6th Cir. 2003).

The Plaintiff's false arrest claim fails because facts existed and were known to Defendant Edwards that were sufficient to cause a reasonable officer to believe that the plaintiff had committed each of the criminal offenses for which he was charged. "A finding of probable cause does not require evidence that is completely convincing or even evidence that would be admissible at trial; all that is required is that the evidence be sufficient to lead a reasonable officer to conclude that the arrestee has committed or is committing a crime." Harris v. Bornhorst, 513 F.3d 503, 511 (6th Cir.), cert. denied, 554 U.S. 903, 128 S.Ct. 2938, 171 L.Ed.2d 865 (2008). The Plaintiff does not dispute that facts existed which supported the public intoxication charge. Even though the Plaintiff disputes that he was connected to the drug paraphernalia found in Defendant Edwards car, it is undisputed that a drug pipe was found on the floor of the car next to the Plaintiff's feet and that the Plaintiff took off one of his shoes in the car. These facts unquestionably provided probable cause for the drug paraphernalia charge. Similarly, it is undisputed that on March 3, 2010, a state court order was in effect enjoining the Plaintiff from contacting Ms. Slaughter and being at her residence and that Defendant Edwards found the Plaintiff talking with her on the porch of her residence. Probable cause clearly existed for the contempt charge.

Finally, even though the finding that probable cause existed for the other three charges lodged against the Plaintiff renders his arrest lawful and warrants dismissal of his

9

claim, the Court finds that probable cause also existed to support the aggravated assault charge. It is undisputed that Defendant Edwards saw the Plaintiff on the porch of the residence thrusting his arm through a partially closed door, that the Plaintiff was in a somewhat intoxicated state, and that a court order was in effect enjoining the Plaintiff from being at the residence or contacting Ms. Slaughter, whom Defendant Edwards had determined was the person inside the house. These facts and circumstances are sufficient for a reasonable officer in Defendant Edwards position to have believed that the Plaintiff had committed the offense of aggravated assault.[4]

Although the Plaintiff contends that Defendant Edwards could not see if the Plaintiff actually struck anyone inside the house and that Defendant Edwards did not know who Ms. Slaughter was at the time he came to the residence, neither of these facts, even if true, negates the other facts known to Defendant Edwards on that night. The Plaintiff also places great weight on the fact that Ms. Slaughter failed to either give a witness statement or testify at the preliminary hearing. However, the purported victim's reluctance to provide a written statement, given the other facts known to Defendant Edwards, is not conclusive of the issue

---

[4] Tenn. Code. Ann. § 39-13-102(c) provides:

A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or cause bodily injury or commits or attempts to commit an assault against the individual or individuals.

10

of whether probable cause existed. Furthermore, whether or not Ms. Slaughter testified in later court proceedings, while certainly pertinent to the ultimate resolution of the charges, has no relevance to the determination of whether probable cause existed at the time Defendant Edwards arrested the Plaintiff. The determination of probable cause for an arrest revolves only around those facts known to the officer at the time of the arrest. See Miller, 606 F.3d at 256; Peet v. City of Detroit, 502 F.3d 557, 565 (6the Cir. 2007). The Plaintiff also testified that Defendant Edwards' testimony at the preliminary hearing was that he "didn't know what was going on" and did not know that it was Ms. Slaughter who was in the house. The recording of the preliminary hearing simply does not support the Plaintiff's rendition of Defendant Edwards testimony at the hearing, see Docket Entry No. 71, and his testimony at the preliminary hearing about the events surrounding the aggravated assault charge was consistent with his testimony at the evidentiary hearing.

Given the evidence presented at the evidentiary hearing and based upon the entire record in this action, no reasonable jury could view the facts before the Court as supporting a claim that the Plaintiff was falsely arrested in violation of his Fourth Amendment rights.

The Plaintiff has named Defendant Edwards in his official capacity as well as in his individual capacity. A claim against Defendant Edwards in his official capacity is treated as a claim against the entity for which he is an agent, the City of Clarksville acting through its police department. Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87

11

L.Ed.2d 114 (1985).  In order to state an official capacity claim, the plaintiff must set out facts that support a claim of municipal liability.  This requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the City of Clarksville.  Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie.  See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne Cnty., Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996).  The City of Clarksville cannot be held liable under a theory of respondeat superior merely because it is the defendant's employer.  See Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994).

The official capacity claims against Defendant Edwards should be dismissed for two reasons.  First, the Court has found that there are no facts which support a claim that the Plaintiff suffered a constitutional violation at the hands of the defendant.  Without proof of an underlying constitutional violation, there cannot be a municipal liability claim.  Second, even assuming that the Court found that sufficient facts existed to raise genuine issues of material fact on the issue of whether the Plaintiff's constitutional rights were violated by Defendant Edwards, the Plaintiff has not set forth any evidence which shows that such a violation occurred because of a municipal policy.

## RECOMMENDATION

Based on the foregoing, the Court recommends that this action be DISMISSED WITH PREJUDICE because there are no facts upon which a reasonable jury could find in favor of the Plaintiff on his Fourth Amendment false arrest claim.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge